People of the State of Illinois, Defendant in Error, v. Wayne Harshbarger, Plaintiff in Error.

Gen. No. 9,309.

Opinion filed June 22, 1938. Rehearing denied July 22, 1938.

C. C. CRAIG and I. N. HERREID, both of Galesburg, for plaintiff in error.

EUGENE D. HARDY, State's Attorney, for defendant in error.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Plaintiff in error was prosecuted under sec. 449, ch. 38, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 37.396], by way of information, in the county court of Knox county, charging him with malfeasance in office. He was the duly elected, qualified and acting highway commissioner of the town of Galesburg. He was tried by jury and a verdict returned finding him guilty as charged in certain counts of the information, and directing that he be removed from his office. Following the usual motions made on behalf of plaintiff in error,

the court entered judgment on the various counts upon which he was found guilty, and as a part of the judgment, provided that he be removed from his office for the offense charged.

Plaintiff in error prosecutes this appeal assigning numerous grounds for reversal, the first of which is, that the county court had no jurisdiction to try the case on information, and had no authority or jurisdiction to render judgment removing or depriving him of his office as highway commissioner. The section under which plaintiff in error was prosecuted reads as follows: ''Every person holding any public office (whether state, county or municipal), trust or employment, who shall be guilty of any palpable omission of duty, or who shall be guilty of diverting any public money from the use or purpose for which it may have been appropriated, or set apart by or under authority of law, or who shall be guilty of contracting directly or indirectly, for the expenditure of a greater sum or amount of money than may have been, at the time of making the contracts, appropriated or set apart by law or authorized by law to be contracted for or expended upon the subject matter of the contracts, or who shall be guilty of willful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust or employment.''

It is apparent that the controversy in this case makes it necessary to first determine the jurisdiction of the county court, before any of the other points raised become material. Misdemeanors comprise all offenses lower than felonies and are generally referred to as offenses punishable by fine or imprisonment otherwise than in the penitentiary. It is generally considered that county courts have jurisdiction only in those cases enumerated in the constitution and those where ju-

risdiction is conferred by statute. *People v. Mc-Weeney,* 259 Ill. 161; *People v. Suhling,* 231 Ill. App. 256.

The most illustrative case on the principle involved herein is that of *People v. Russell,* 245 Ill. 268. In that case it is held that, ''cases in which the punishment consists of fine and imprisonment and some additional penalty, can be prosecuted only by indictment.'' (p. 273.) It is there stated that where the deprivation of any civil right for past conduct is punishment for such conduct, that such is not a mere incident of the punishment, but a part of the punishment itself, and that where there follows from the judgment, a loss of civil rights, the offense cannot be prosecuted by way of information, but only by indictment. The section of the Criminal Code, under which plaintiff in error was prosecuted, provides as a part of the punishment something in addition to a fine or fine and imprisonment, namely, the deprivation or forfeiture of a civil right. It is apparent from the section of the act and from the judgment of the court, that plaintiff in error's removal from office as highway commissioner was a part of the punishment imposed for his conviction of the offense charged. Therefore it follows that his removal from a public office to which he had been duly elected, qualified, and was then acting as such public officer, was a loss or deprivation of a substantial civil right, imposed as a penalty, and declared by law upon a conviction for crime. Under such circumstances it cannot be considered in any other light than as a punishment for the offense.

In the case of *People v. Russell, supra,* on p. 277 of the opinion, the offense of malfeasance in office is recognized as being one of the crimes in which the punishment provided for some additional penalty to that of fine and imprisonment. Reference is made to (Rev. Stat. 1845, sec. 110, p. 170; Crim. Code, sec. 208). This

section of the statute of 1845 reads as follows: "Every clerk, sheriff, coroner, constable, county commissioner, justice of the peace, recorder, county surveyor, attorney general or State's attorney, who shall be guilty of any palpable omission of duty, or who shall wilfully and corruptly be guilty of oppression, malfeasance or partiality in the discharge of his official duties, shall, upon conviction thereof, be fined, in a sum not exceeding two hundred dollars, and the court shall have power, upon the recommendation of the jury, to add to the judgment of the court, that any officer so convicted, shall be removed from office. The court shall have power whenever any clerk of the circuit court, attorney general or State's attorney, shall be presented or indicted, to appoint for that occasion, a prosecuting attorney or clerk, as the case may require, who shall thereby be invested, in relation to such presentment or indictment, with all the powers of clerk or attorney general or State's attorney. It shall be the duty of the court, when the judgment shall extend to removal from office, to cause immediate notice of such removal to be given to the proper department, in order that the vacancy thus occasioned may be filled." It will be observed that such section contained the provision, "and the court shall have power, upon the recommendation of the jury, to add to the judgment of the court, that any officer so convicted, shall be removed from office." The present section of the statute, under which plaintiff in error was convicted, is the statute of 1845, as amended in 1874. Its purpose is the same and it retains all of the essential elements of the former statute. So long as an offense subjects the offender to civil disabilities or the forfeiture of civil rights which constitute a part of the punishment for the crime, they cannot be prosecuted otherwise than by indictment. The terms of the statute under which plaintiff in error was convicted, subjects the offender to punishment

other than by fine or imprisonment otherwise than in the penitentiary, and can be prosecuted only upon an indictment by a grand jury.

The judgment of the county court is therefore reversed.

*Judgment reversed.*