(No. 33303.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JEROME WILLIAMS, Plaintiff in Error.

*Opinion filed December 20, 1954.*

JEROME WILLIAMS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Jerome Williams, was indicted at the February, 1935, term of the criminal court of Cook County. The indictment contained two counts, the first charging robbery while armed with a dangerous weapon and the second charging robbery without alleging that defendant was armed with any dangerous weapon. Defendant pleaded "guilty of Robbery in the manner and form as charged" in the indictment. He was thereafter adjudged guilty of robbery while armed with a dangerous weapon, and was sen-

tenced to the penitentiary for an indeterminate term of years, not less than one or for life. He prosecutes this writ of error, appearing *pro se.*

A few days before his arraignment on the indictment defendant had been adjudged guilty, in the municipal court of Chicago, of unlawfully carrying a concealed weapon, and had been sentenced to confinement for one year in the House of Correction of the city of Chicago. It is argued that the weapon in question, a sawed-off shotgun, was the same one with which the robbery was committed, that the same evidence was used to obtain both convictions, and that the prosecution on the robbery indictment placed him in double jeopardy, in violation of his constitutional rights. The contention is obviously without merit. There is nothing in the record before us to show the offenses arose out of the same act or transaction. Even though we assume the two crimes grew out of the same act, defendant's position could not be sustained. The offense of carrying concealed weapons, a misdemeanor, is separate and distinct from the crime of robbery. The rule that a person cannot be twice put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by the same act or transaction. *People* v. *Allen,* 368 Ill. 368.

Defendant insists he was sentenced to cruel and inhuman punishment, in violation of the Federal and State constitutions, in view of the fact that the amount obtained in the robbery was only twenty-five cents, and he has been required to serve over nineteen years in prison on the one year to life sentence. The sentence was in accord with the penalty prescribed by the statute for the offense of armed robbery. A penalty of one year to life in the penitentiary for such offense does not contravene the constitutional prohibition of cruel and inhuman punishment.

Defendant has shown no error in the record, and the judgment will therefore be affirmed.

*Judgment affirmed.*