The People of the State of Illinois, Plaintiff-Appellee,
v. William P. Bannen, III, Defendant-Appellant.

Gen. No. 62-O-10.

Fourth District.
October 15, 1962.

Michael A. Plunkett, of Du Quoin, for appellant.

R. K. Peek, State's Attorney of Perry County, of Pinckneyville, for appellee.

SCHEINEMAN, P. J.

The defendant-appellant was a magazine salesman aged 28 against whom an information was filed in the county court charging him with obtaining money under false pretenses. The particular offense referred to was overcharging $5 for a magazine subscription while implying he was using his profits to pay for a seminary education to be a Catholic priest.

The accused entered a plea of guilty and the court thereupon heard some evidence as to his activities. At the conclusion of the testimony the judge announced that he would fix the sentence at one year in Vandalia and a $2,000 fine, this being the maximum possible of both types of penalty.

Thereupon the defendant's attorney asked leave to file a petition for probation and have a hearing. The court appointed a probation officer to bring in a report within one week, which was done, and which recommended denial of probation. The court thereupon reaffirmed his previous statement of penalty and entered the judgments of conviction and sentence from which this appeal is taken.

The defendant asks this court to reverse the decision outright or that the cause be reversed and remanded or that the cause be remanded and defendant placed on probation by order of this court.

■ Since this judgment was entered on a plea of guilty, we do not regard the case as one in which we would be justified in reversing the conviction. The only possibilities remaining that might be suggested, would be the direction to place on probation or to reduce the sentence, if that be within the authority of this court.

■ As for the matter of reviewing the denial of probation, this court is clearly without any authority to overrule the discretion of the trial judge to grant or refuse probation. People v. Hamby, 6 Ill2d 559, 129 NE2d 746. The opinion in this cited case shows that

■

it was contended the court had refused to exercise his discretion in that he pronounced sentence and refused to allow an investigation by a probation officer at all. The court's holding is that the applicable statute, Ill Rev Stats, Ch 38, Para 385, provides: the trial judge should consider both offender and the offense, but since this does not prescribe the weight to be given each of the elements to be considered, the result is that in a particular case the character of the offense may properly be thought to dominate the characteristics of the offender.

That case, of course, was more arbitrary than anything in this case, because there the trial judge did not hear any probation report, whereas in this case there was a report recommending denial of probation and the judge had heard considerable evidence about the activities of the defendant.

In People v. Donovan, 376 Ill 602, 35 NE2d 54, the court had used language which could be interpreted as meaning that the requirement of a probation report was mandatory. This case is specifically overruled on this point by the case above cited.

■ As for the possibility of the reviewing court reducing a sentence without reversing the conviction, we find no authority for such procedure in this state. The possibility was carefully investigated under the direction of the Illinois Judicial Conference and a report of a committee was received in 1961, which appears in the 1961 Annual Report of the Conference Executive Committee at page 51. This report, by extensive examination of authority, shows that there was no common law jurisdiction of appellate courts to alter criminal sentences upon appeal. There are some states in which this power is conferred by constitution and includes increasing as well as diminishing a sentence. In eight states there are specific statutes placing in courts of review the authority to reduce a

sentence, and in six other states this power is inferred from the broad nature of the power to modify trial court judgments. It was the conclusion of the committee, approved by the Conference, that to provide any method of review and adjustment of sentences which are within the statutory limits, would require legislation.

This has been the view of the Illinois Supreme Court. In People v. Dolgin, 6 Ill2d 109, 126 NE2d 681, the following appears in the opinion:

> "It is the universal rule, consistently adhered to by this court, that a sentence within the maximum term fixed by the Legislature, is not cruel and unusual punishment prohibited by the constitution."

To a similar effect, see People v. Gaumer, 7 Ill2d 134, 130 NE2d 195; People v. Williams, 4 Ill2d 440, 123 NE2d 326; People v. Dixon, 400 Ill 449, 81 NE2d 257.

Also, in People v. Smith, 245 Ill App 119, on a similar question it was said:

> "If the statute is not in violation of the constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the constitution."

In a later case, People v. Calhoun, 22 Ill2d 31, 174 NE2d 166, appears the following statement:

> "For a defendant who had no previous record of delinquency, it seems that the penalty imposed here is a little severe, but it is within the statutory range. We have no authority to impose a different sentence."

For the reasons given it must be held that this court has no jurisdiction to review the denial of probation or the severity of the sentence, since it was not in excess of limits provided by law, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.