(No. 44073.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. THOMAS MORRISSEY, Appellant.

*Opinion filed October 2, 1972.*

JOHN E. HOWARTH, of Springfield, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOHN H. WARD, State's Attorney, of Taylorville (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Thomas Morrissey, appeals from the judgment of the circuit court of Christian County entered upon his plea of guilty to the offense of aggravated assault.

He was sentenced to a term of eight months in the Illinois State Farm at Vandalia.

As grounds for reversal defendant contends first that unless waived as provided by Rule 401(b) the offense of aggravated assault can be charged only by indictment, and that defendant was neither advised of, nor waived, his right to be so charged.

The record shows that defendant was arraigned on a complaint which charged an offense of aggravated battery. The court advised him that the crime of aggravated battery could be either a felony or a misdemeanor and explained the range of penalties which could be imposed if he were found guilty. The court also admonished him with respect to his right to counsel, to a preliminary hearing and to "be bound over to the grand jury." Following the admonishment by the court, the State's Attorney advised the court that if the defendant pleaded guilty, "we would elect to treat it as a misdemeanor." He stated to the defendant: "I will eliminate the penitentiary aspect of it if you want to plead guilty." Upon the defendant's indicating that he desired to plead guilty, the court advised him that the charge was a misdemeanor and thereupon admonished him that the permissible penalty was a fine of not less than $25 nor more than $1,000 or imprisonment in a penal institution other than the penitentiary for not less than four days nor more than one year. The record does not show that defendant was admonished with respect to waiver of indictment, nor does it reflect that an information was filed charging defendant with the offense. Defendant signed a waiver of jury trial, entered a plea of guilty to the charge set out in the complaint, and, after hearing testimony in aggravation and mitigation, the court imposed sentence.

Defendant contends that the legislature, and not the State's Attorney, is empowered to determine the penalties for violation of a criminal statute and the act of the State's Attorney can not convert a felony into a misdemeanor, or

*vice versa.* He argues that because the permissible penalty for the offense includes imprisonment in the penitentiary, section 8 of article II of the constitution of 1870 required that the charge must be made by indictment. Section 8, in pertinent part, provided: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary ∗∗∗."

In *People v. Coleman, 45 Ill.2d 466,* we held that by eliminating the possibility of a penitentiary sentence aggravated battery may be charged as a misdemeanor, and we hold here that because the possibility of a penitentiary sentence was eliminated the offense of aggravated assault could be properly charged, as a misdemeanor, by information or complaint. With respect to the power of the State's Attorney to so reduce the charge we said in *People v. Rhodes, 38 Ill.2d 389,* at 396: "The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged," and we find that statement apposite here.

Defendant contends that the judgment must be reversed for the reason that the trial court failed to advise him of his right to counsel, failed to determine whether he was indigent, and if so, whether he desired the appointment of counsel.

Since our decision in *People v. Dupree, 42 Ill.2d 249,* the Supreme Court has rendered its opinion in *Argersinger v. Hamlin, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.* Under the holding in that case defendant was entitled to counsel and absent adequate admonition with respect to that right could not knowingly have waived it. The Supreme Court's decisions on a criminal defendant's right to counsel have been applied retroactively *(McConnell v. Rhay, 393 U.S. 2, 21 L.Ed.2d 2, 89 S.Ct. 32),*

and there appears to be no reason here for the application of a different rule. The judgment is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*