THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER WILLIAMS, Defendant-Appellant.

(No. 72-137;

Third District—November 20, 1973.

Stephen Hurley, Assistant Appellate Defender, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Walter Williams was indicted in Kankakee County for the offense of rape. After the indictment was filed, the prosecution filed an Information, additionally charging the defendant with the offense of aggravated battery. Defendant waived his right to indictment on the aggravated battery charge and immediately pleaded guilty to it. The court, after extensive admonitions in compliance with the appropriate Supreme Court Rules, accepted the plea, entered judgment thereon and sentenced defendant to a term of one (1) year in a place other than a penitentiary. Thereafter, the State nolle prossed the rape charge, pursuant to a negotiated understanding between defendant and his attorney and the State's Attorney.

On appeal now in this Court, defendant contends (1) that the provision of the Illinois Statute under which defendant was convicted (Ill. Rev. Stat. 1971, ch. 38, § 12—4) is an improper delegation of legislative authority and is violative of the equal protection clause of the Illinois Constitution. The Act referred to provides that the penalty for the offense is imprisonment, in a "penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to ten years." It is asserted by appellant that technically the offense is classified as a forcible felony and that a felony is distinguished from a misdemeanor solely by the penalty involved. (Ill. Rev. Stat. 1971, ch. 38, §§ 2—7, 2—11.) It is contended that the sentencing provision of the Statute allows the judge to treat the offense as a misdemeanor if he wishes, and that the Statute, therefore, had it been severed into two parts, would have been invalid under the Equal Protection clause of the Constitution. It is stated that the fact that one statute gives the judge a choice beween a misdemeanor and a felony, and since there are no guidelines to tell the judge when to penalize the offense as a misdemeanor and when to penalize it as a felony, it is in violation of the Equal Protection clause. *People v. McCullough*, 8 Ill.App.3d 963, 291 N.E.2d 505, now before the Supreme Court on leave to appeal, is cited in support of such argument.

██ We have previously dealt with this problem in *People v. Chambers* (1973), 15 Ill.App.3d 23. We pointed out in the *Chambers* case, in referring to the *McCullough* case and others cited in that case, that apparently the Supreme Court case of *People v. Keegan*, 52 Ill.2d 147, was overlooked by the court in the *McCullough* case. In the *Keegan* case, the court specifically stated that there are a number of sections in the Criminal Code which allow varying penalties, where a single course of conduct may be punished under one statute as a misdemeanor and under another as a felony. Prosecutions convicting a defendant under a felony provision under such circumstances have been upheld. (*People v. Singer*, 288 Ill. 113, 123 N.E.2d 326; *People v. Long*, 126 Ill.App.2d 103, 261 N.E.

2d 437.) Even in the Federal Courts we have the same principle announced in cases such as *Ehrlich v. U.S.*, 238 F.2d 481, at 485, where the court stated:

> "A defendant cannot complain merely because the charge against him is brought under the statute carrying the more serious penalties when two statutes punish the same general acts."

Similarly, in *People v. Rhodes*, 38 Ill.2d 389, 231 N.E.2d 400, the Illinois Supreme Court rejected the dual contentions of defendant that he had a right to be charged under an applicable misdemeanor provision rather than under an applicable felony provision and that it was violative of defendant's constitutional rights to allow the prosecutor to choose between the two. It was there stated that the State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors in determining what offense can properly and should properly be charged. This principle has been reaffirmed recently by the Illinois Supreme Court in *People v. Morrissey*, 52 Ill.2d 418, 288 N.E.2d 397. In *People v. Keegan*, 52 Ill.2d 147, 286 N.E.2d 348, *cert. den.*, 404 U.S. 964, the Illinois Supreme Court stated, at page 152-153:

> "* * * it was the legislative intent to provide in these companion sections a broad range of permissible penalties for the conduct proscribed. We do not find the classification so arbitrary or unreasonable as to be discriminatory."

In the instant case we have a single statute which provides for either misdemeanor or felony sanctions and we do not see any logical reason why the judge should not have a discretion similar to that which the State's Attorney has been given in the cases to which we have referred.

■■ It is asserted by the State that defendant's contention undoubtedly arises from the common misconceptions, held prior to the enactment of the Unified Code of Corrections concerning the application of the term "felony" in Illinois law. The term is correctly applied only to such offenses as are punishable by imprisonment in the penitentiary or death. (*People v. Bain*, 359 Ill. 455, 470.) The misapplication of the term "felony" it is asserted, arose from the requirements of the provisions of the Illinois Constitution of 1870 prohibiting the holding of any person to answer for a criminal offense unless on indictment of the grand jury, except in cases in which punishment was by fine or imprisonment other than the penitentiary. This led to some confusion in the misdemeanor prosecution of the offense of malfeasance in office although the fine and imprisonment penalties classified the offense as a misdemeanor, the additional provision that the court may remove defendant from office, made the charge indictable, although remaining a misdemeanor (*People v.*

*Harshbarger,* 296 Ill.App. 397, 399-402). In the offense of reckless homicide it was held that the offense was a misdemeanor even though it provided an alternative penitentiary sentence, requiring prosecution by indictment under the Constitution. (*People v. Garman,* 411 Ill. 279, 283.) It is now clear that all Illinois offenses requiring indictment under the constitution are not necessarily "felonies" because of the indictment requirement. Certainly, on the basis of the cases referred to, and other precedents, the constitutionality of the statute herein questioned by the defendant is clear.

It is also contended that the information charging the defendant in this case failed to state an offense punishable under the law. The information specifically charged "that on the 15th day of August, 1971, in such county, Walter Williams committed the offense of Aggravated Battery in that said defendant did, knowingly and intentionally, without legal justification, strike and beat Sharon Foster about the head and body with his hands, thereby causing great bodily harm to such Sharon Foster in violation of Paragraph 12—4(a), ch. 38, Ill. Rev. Stat." It is argued that the information charged, by a critical examination of the language, that defendant caused great bodily harm as a result of knowingly and intentionally committing a battery. It is asserted that the element of scienter was alleged with respect to the battery not with respect to the great bodily harm.

██ An identical contention, against an indictment, framed almost identically to the wording in the information in the present case, was attacked as being inadequate but the indictment was upheld in *People v. Moore,* 90 Ill.App.2d 466, 467-469. Grammatical exactness is not required either in indictments or informations (*People v. Beeftink,* 21 Ill.2d 282, 290; *People v. Juve,* 106 Ill.App.2d 421, 424-425). The test applicable in determining the sufficiency of an indictment or information is that it must be such as to inform the accused of the nature of the charge and thus allow him to prepare a defense to serve as a bar to future prosecution for the same offense. (*People v. Harvey,* 53 Ill.2d 585, 588.) The concept of "knowledge" and "intention" of the consequences of an unlawful act, in aggravated battery, is implicit in the act itself. (*People v. Allen,* 117 Ill.App.2d 20, 28.) We conclude that the information is sufficient.

Since we find no reversible error in the record, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

DIXON and SCOTT, JJ., concur.