THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN A. BARNES, Defendant-Appellant.

(No. 73-163; ▮▮▮▮▮▮▮▮▮▮)

Third District—January 30, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Robert Wilder, State's Attorney, of Morris, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant John A. Barnes, was charged in an information with the delivery of cannabis in an amount less than 2.5 grams. Following conviction in a jury trial, defendant was sentenced to a term of not more than 360 days in the penitentiary by the Circuit Court of Grundy County.

The record indicates that a sale of cannabis was made by the 23-year-old defendant to a 17-year-old high school "dropout" who was employed at a gas station. It appeared from the record that the two prosecution witnesses, James Garvin and Jack Howlett had been granted immunity from prosecution. It was shown that Barnes sold three marijuana cigarettes on August 30, 1972, to Garvin. He had obtained the marijuana from Howlett and sold it to Garvin for $1.50. The total weight of the three cigarettes was 1.44 grams. A maximum sentence of not less than

360 days (as authorized in Ill. Rev. Stat. 1971, ch. 56½, § 707A) was imposed by reason of the fact that the purchaser, Garvin, was under 18 years of age and that defendant was over 18 years of age, and was at least three years older than Garvin. The Act provides that in case of violation of the Act by delivery of cannabis to a person under 18 years of age by an individual over 18 years of age, who is at least three years older than the purchaser, that such person, so delivering the cannabis, may be sentenced to imprisonment up to twice the maximum term of 180 days otherwise authorized by the section.

■■ On appeal in this court defendant contends (1) that the statute under which defendant was convicted, namely, the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, § 701 *et seq.*), is unconstitutional in that it denied defendant equal protection of the law because it granted the prosecutor an election of charging defendant with either a Class A, Class B or Class C misdemeanor. In support of such contention, the defendant cites *People v. McCollough,* 8 Ill.App.3d 963 (1972), in which case an election could have been made to charge involuntary manslaughter or reckless homicide on the same set of facts. As we have indicated in other cases, we are not disposed to agree with the conclusions reached in the *McCollough* case (*People v. Kline,* 16 Ill.App.3d 1017, 307 N.E.2d 398; *People v. Chambers,* 15 Ill.App.3d 23, 303 N.E.2d 24; *People v. Williams,* 15 Ill.App.3d 294, 304 N.E.2d 150; *People v. Morrissey,* 52 Ill.2d 418, 288 N.E.2d 397; *People v. Keegan,* 52 Ill.2d 147, 286 N.E.2d 345). In the cause before us, also, there is a distinction in that the essential element of proof in the matter of a decision as to which penalty should be imposed, depended upon whether the penalty for possession or the penalty for delivery was involved and whether delivery was for or without consideration. On the basis of the language of the Act, neither the prosecutor nor the court really have an election. If delivery was without consideration, the penalty for possession was required to be imposed, but if delivery was for a consideration, then, by definition, the delivery is not a "casual delivery" and the penalty for delivery of cannabis was required to be imposed. Even if there were no such distinctions, we still find no constitutional deficiency in the circumstance that the prosecutor was given the power to elect as to which procedure he would undertake under the Act.

The defendant also challenges the constitutionality of the Cannabis Control Act and contends that it violates the due process and equal protection clauses of the State and Federal Constitutions. We have treated this issue at length in *People v. Kline,* 16 Ill.App.3d 1017, 307 N.E.2d 398, and do not find it necessary to repeat what we have said

there. We confirm our prior conclusion that we find no unconstitutionality by virtue of the provisions of the Act relating to the determination by the weight of the quantity of cannabis possessed or the penalty which might be imposed, for the reasons set forth in the *Kline* case and in *People v. Campbell* (1974), 16 Ill.App.3d 851, 307 N.E.2d 395.

■■ A final contention is made by defendant to the effect that the defendant in this case was a mere intermediary in the transfer of three marijuana cigarettes and the imposition of the maximum sentence is excessive and should, therefore, be reduced. From the record it is apparent that the sale took place across from a high school during the lunch hour when the students were eating their lunch. The sale was made by a 23-year-old to a teenager (who was not a student at the time). Defendant was also shown to be an ex-convict. The record also shows that the defendant asked the purchaser if he wished to buy some marijuana and sold the three marijuana cigarettes to the teenager for $1.50. While we may not have imposed a similar penalty had we been sitting in this case, we do not believe that we can find that the court abused its discretion in imposing such sentence. In absence of a clear abuse of discretion, our courts have concluded that the sentence imposed by the trial judge within the appropriate range authorized by law should not be disturbed. *People v. Brendeland,* 10 Ill.2d 469, 472 (1957); *People v. Hill,* 58 Ill.App.2d 191, 196 (1965).

For the reasons stated, the judgment and sentence of the Circuit Court of Grundy County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.