THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EARL PITNER, Petitioner-Appellant.

(No. 58305; 

First District (1st Division)—February 11, 1974.

James J. Doherty, Public Defender, of Chicago (Ronald Alwin and Dale Broeder, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After a plea of not guilty in a bench trial on January 4, 1972, Earl Pitner (defendant) was found guilty of theft (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). He was sentenced to the county jail for one year. There was no direct appeal. On February 18, 1972, he filed a post-conviction petition (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) which alleged in substance that defendant had not waived representation by counsel and that he was not provided with counsel upon the trial of his case. The People filed a motion to dismiss the petition for lack of jurisdiction be-

cause defendant was not "imprisoned in the penitentiary." (Ill. Rev. Stat. 1971, ch. 38, par. 122—1.) On June 20, 1972, after a hearing, the trial court dismissed the petition. Defendant appeals.

He urges that his petition shows that he was denied his sixth amendment right to counsel at his trial for a criminal offense. (See *People v. Morrissey*, 52 Ill.2d 418, 288 N.E.2d 397 citing *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.) He also contends that the dismissal of his petition for lack of jurisdiction was improper in the light of two cases decided after the order of dismissal. In *People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164 (filed June 25, 1973), the Illinois Supreme Court opened the door to post-conviction relief for persons convicted of misdemeanors (see 54 Ill.2d at 493.) In *People v. Davis*, 54 Ill.2d 494, 298 N.E.2d 161, filed on the same day, the court pointed out that it had "fashioned a remedy for a defendant convicted of a misdemeanor who asserts that there was a substantial denial of his constitutional rights." 54 Ill.2d at 497.

The People respond that *Warr* and *Davis* should not have retroactive application. But, retroactivity of the substantive legal right to counsel for a defendant charged with misdemeanor is not an issue here. (See *People v. Morrissey*, 52 Ill.2d 418, 420, 288 N.E.2d 397, citing *McConnell v. Rhay*, 393 U.S. 2, 21 L.Ed.2d 2, 89 S.Ct. 32.) The issue is availability to defendant of the new remedy of post-conviction hearing which was created by the Supreme Court after his petition for such relief was dismissed but during the pendency of his appeal.

■■ The decision of the trial court dismissing defendant's petition was eminently correct when rendered. The trial court properly held that the post-conviction remedy was not available to defendant because he was not "imprisoned in the penitentiary." (Ill. Rev. Stat. 1971, ch. 38, par. 122—1. See *People v. Dale*, 406 Ill. 238, 246, 247, 92 N.E.2d 761.) This court must necessarily consider the availability of the remedy to defendant from the point of view of the law as presently determined by the Supreme Court. Our reasoning must commence from *Warr* and *Davis* as major premises. Defendent's right to avail himself of this new remedy has not been finally adjudicated and will not be until final judicial determination has been effected. Since the new remedy is available to defendant at this time, we cannot deprive him of the benefits thereof.

■■ The People also contend that the allegations of the petition are unsupported by affidavit or otherwise and are therefore not sufficient to require a hearing under the Post-Conviction Act. It is correct that the Illinois Supreme Court and this court have previously held that the allegations of the petition should be supported by the record and bare assertions by defendant or mere conclusions are not sufficient to require

an evidentiary hearing. (See *People v. Olson*, 46 Ill.2d 167, 263 N.E.2d 92 and *People v. Lee*, 5 Ill.App.3d 421, 425, 283 N.E.2d 740 and cases therein cited.) But, in the case before us, the petition alleges that defendant did not waive representation by counsel and that he had no counsel at the trial. We find no refutation of these factual allegations in the record before us and they are not negated by the State.

■■ The order dismissing the petition is accordingly reversed and the case is remanded with directions that the motion to dismiss be overruled and an evidentiary hearing be held.

Reversed and remanded with directions.

EGAN, P. J., and BURKE, J., concur.