974

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT BROOKS, Defendant-Appellant.

(No. 73-86; ▮▮▮▮▮▮▮▮▮▮

Third District—March 22, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a bench trial in the circuit court of Rock Island County on June 15, 1972, defendant, Robert Brooks, was found guilty of misdemeanor theft and was sentenced to a term of 1 year in the Vandalia Penal Farm. On this appeal defendant complains of several errors in his conviction but the only one which we believe it necessary to discuss is that his right to legal representation in accord with *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, was violated.

It appears the defendant was brought before the court for examination on a complaint for theft. So far as the record is concerned he was not represented by counsel, nor did he request counsel. He was not advised of his right to counsel, nor did he waive that right. No effort was made to determine whether he could afford counsel.

■■ The State concedes that defendant was not afforded his rights of representation as required by *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, but suggests that the case is not applicable because filed only 3 days prior to defendant's conviction in the instant case. We believe *People v. Coleman,* 52 Ill.2d 470, 288 N.E.2d 396, and *People v. Morrissey,* 52 Ill.2d 418, 288 N.E.2d 397, squarely hold that the rule of *Argersinger* shall be given retroactive application, so whether the People knew of the decision is immaterial. According to the authority of

the *Coleman* and *Morrissey* cases, defendant was entitled to legal representation in accordance with the *Argersinger* case and the issue is no longer arguable.

■■ For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

SCOTT, P. J., and ALLOY, J., concur.