The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald Chalmers, Defendant-Appellant.

(No. 59702; )

First District (5th Division)—July 26, 1974.

James J. Doherty, Public Defender, of Chicago (Patrick Gleason and John M. Kalnins, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

After a bench trial defendant was convicted of battery (Ill. Rev. Stat. 1971, ch. 38, par. 12—3) and delivery of a controlled substance (Ill. Rev. Stat. 1971, ch. 56½, par. 1404). He was sentenced to a 6-month term on the battery conviction and to a 1-year term on the controlled-substances violation, the sentences to be served concurrently at the Vandalia State Farm.

Section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1404) provides that:

"Except as authorized by this Act, it is unlawful for any person knowingly to deliver or possess with intent to deliver any substance which he represents to be a controlled substance. Any person who violates this Section is guilty of an offense and upon conviction shall be imprisoned in a penal institution other than the penitentiary for not more one year or in the penitentiary from one to 10 years, and fined not more than $15,000." [1]

On appeal defendant contends that this statute is unconstitutional in that it reposes unfettered discretion in the State's Attorney to set the length of sentence for its violation.

■■ At the outset we note that the constitutionality of this statute was not raised below and therefore we need not consider defendant's contention on appeal. (*People v. Eubank*, 46 Ill.2d 383, 263 N.E.2d 869.) However, we feel that the ends of justice will be better served by reaching the merits of his contention. *Cf. Bailey v. Bailey*, 18 Ill.App.3d 152, 309 N.E.2d 328.

The record indicates that on September 24, 1972, Peter Liken and two companions were walking in the Old Town area of the city of Chicago. They were approached by defendant who offered to sell them some "hash." When they refused defendant's repeated offers, he struck Liken in the chest and then stuffed a cellophane wrapped package into Liken's pocket, demanding the payment of $15. Liken refused to pay, and defendant hit him again. At this point a police car arrived on the scene and defendant was arrested.

OPINION

It is defendant's sole contention that under section 404 "different persons committing identical acts under identical circumstances could be convicted of different crimes, one given a misdemeanor sentence, the other a felony, at the whim of the State's Attorney." He argues that this delegation of authority to the prosecutor violates the principles of equal protection embodied in the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution.

In its recent decision in *People v. McCollough*, 57 Ill.2d 440, the Illinois Supreme Court rejected a similar challenge to the involuntary manslaughter–reckless homicide statute (Ill. Rev. Stat. 1971, ch. 38, par. 9—3). The appellate court in *McCollough* had ruled that section 9—3 of the Criminal Code of 1961 violated the equal protection clause of the Illinois Constitution "in that it places within the uncontrolled and un-

---

[1] The penalty provisions of this statute have been amended to bring them into conformance with the Unified Code of Corrections. Conviction for delivery of a controlled substance is now punishable as a Class 3 felony. Ill. Rev. Stat. 1973, ch. 56½, par. 1404.

guided discretion of the State's Attorney, the Grand Jury, and in some instances the trial judge or petit jury, the power to impose different degrees of punishment for different persons who commit identical acts under identical circumstances." (*People v. McCollough*, 8 Ill.App.3d 963, 971, 291 N.E.2d 505.) In reversing this holding the Illinois Supreme Court stated at page 444:

> "The contention that the statute grants undue discretion to the prosecutor in determining the offense for which he will prosecute is without merit. With respect to a similar contention, this court said in *People v. Rhodes* (1967), 38 Ill.2d 389, 396, in which the defendant had been convicted of attempted theft: 'The defendant's complaint that he should have been charged only with intimidation, which at the time of the events herein related was a misdemeanor, cannot be entertained. The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.' The kind of determination committed to the discretion of the State's Attorney by the statute in this case is the same kind of discretion that is committed to him with respect to a host of other offenses, and is exercised by him every day. It is not, in our opinion, an unconstitutional delegation of authority." See also *People v. Morrissey*, 52 Ill.2d 418, 420, 288 N.E.2d 397.

We believe that this statement provides the proper guideline for our disposition of defendant's contention, and therefore we affirm the judgment entered below.

Affirmed.

SULLIVAN, P. J., and BARRETT, J., concur.