THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID GOSS, Defendant-Appellant.

(No. 74-2;

Third District—November 21, 1974.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Edward Petka, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, David Goss, was found guilty of escape and was sentenced by the Circuit Court of Will County to a term of 3 to 10 years. He appeals, contending only that his sentence is excessive and should be reduced.

The defendant, an inmate of the Department of Corrections, Stateville Branch, was granted a furlough to attend the funeral of his mother on January 3, 1973. He was transported to the funeral home in Chicago by Officers Oliver Gray and Robert Jones. While at the funeral parlor on the North Side of Chicago, a group of what were described as "hoodlums" entered. They talked, laughed, exchanged handshakes and seemed to be congratulating the defendant about something. They encircled both Gray and Jones and obstructed and distracted both officers from watching the defendant. After the group scattered, both officers testified that the defendant was gone.

A police sergeant testified that the defendant told him that after he, the defendant, had left the funeral parlor, he received $15 from an uncle and went immediately to a hotel at 55th and Michigan. At 8 A.M. the next morning he went back to his uncle's.

On the evening of January 4 the sergeant received information from a confidential informant that defendant could be found at 535 North Albany and surveillance of the building was ordered. At about 1 A.M., January 5 the defendant was seen at 535 North Albany. Through a brother of defendant negotiations were made, and defendant surrendered peaceably to the police.

The defendant in this case was convicted of the crime of escape for failure to return from a furlough, a Class 3 felony (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—4(a)). A sentence for escape must be served consecutive to the term under which the offender is held by the Department of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(g)).

The minimum term for a Class 3 felony "shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c) (4).

The defendant, at the time of his escape was serving a 50-100 year sentence for murder and 2 concurrent 5-10 year sentences for armed robbery and aggravated battery. The murder sentence was later reduced to 25 to 100 years in *People v. Goss*, 10 Ill.App.3d 543. It would appear that the prior history and character of the defendant would justify a higher minimum term than 1 year.

As to the nature and circumstances of the offense. This defendant was the first in over 400 to escape while on funeral furlough. The defendant was taken by unarmed guards to his mother's funeral. It is apparent from the record that he left the funeral parlor with the active cooperation of a bunch of hoodlums. It is further likely that he would have remained at large were it not for the information obtained from a confidential informant by the Chicago Police Department. He only surrendered when he had no other realistic choice.

In this case the trial court examined the presentence report and was aware of its contents. It had the benefit of first-hand testimony of the witnesses and an opportunity to evaluate the credibility of the witnesses.

The court imposed a sentence within its discretion to impose and within the limits established by the legislature. There is no clear abuse of the court's discretion. The sentence of from 3 to 10 years is not a substantial departure from the spirit and purpose of the law. *People v. Taylor*, 33 Ill.2d 417; *People v. Barnes*, 16 Ill.App.3d 837.

The judgment of the circuit court is affirmed.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.