statutory construction (J. & A. ¶ 11102), an award of the arbitrators which is signed by only two of the three arbitrators appointed under the Workmen's Compensation Act is valid.

2.   COURTS, § 100*—*when County Court has jurisdiction of assumpsit on award.* The County Court has jurisdiction of a suit in assumpsit based on an award for less than $1,000.

3.   ASSUMPSIT, ACTION OF, § 6*—*when proper remedy on an award.* Assumpsit is a proper remedy on an award.

4.   WORKMEN'S COMPENSATION ACT—*when evidence as to liability of employer properly excluded in assumpsit on award.* In a suit in assumpsit based on an award made under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), evidence bearing on the question of defendant's liability under such act is properly excluded as irrelevant.

The People of the State of Illinois, Defendant in Error, v. Abraham Glick, Plaintiff in Error.

Gen. No. 21,598.   (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed July 20, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Abraham Glick, defendant, on an indictment for larceny and receiving stolen property, the value of which exceeded fifteen dollars. Defendant pleaded not guilty and the case proceeded to trial. There appearing to be a variance, the State's Attorney asked for a continuance and the defendant for his discharge. The court suggested a plea to a misdemeanor if the defendant was "willing to take a chance to take a year in the House of Correction." At the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

conclusion of some discussion between the judge and the counsel, the attorney for defendant remarked: ''I think the best thing, your Honor, will be to withdraw the jury.'' Thereupon without further remarks the court said: ''On motion of the defendant, the jury withdrawn and the defendant's plea of not guilty withdrawn and the defendant's plea of guilty entered, and the defendant warned and sentenced to the House of Correction for one year and fined one hundred dollars and costs.''

B. M. SHAFFNER and ERBSTEIN & MACAULAY, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1.  CRIMINAL LAW—*when explanation of consequence of plea of guilty insufficient.* On an indictment for larceny and receiving stolen property, the explanation by the court of the consequence of a plea of guilty, *held* not a sufficient compliance with section 4, div. 13, of the Criminal Code (J. & A. ¶ 4121).

2.  CRIMINAL LAW, § 102*—*when entry of plea of guilty improper.* On an indictment for larceny and receiving stolen property, a plea of guilty is improperly entered where no explanation was made by the court of the consequences of the plea and no witness was examined as to the aggravation or mitigation of the offense.

3.  CRIMINAL LAW, § 462*—*when record will not prevail against bill of exceptions.* On a writ of error to reverse a judgment on an indictment for larceny and receiving stolen property, the record as made by the clerk will not prevail against what is shown in opposition to it in the bill of exceptions, even though the record shows a compliance with the statute.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.