DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

## The People of the State of Illinois, Defendant in Error, v. J. C. Benner, Plaintiff in Error.

1. CRIMINAL LAW—*failure of record to show statement to accused of consequence of pleading guilty is reversible error.* Under Paragraph 4, div. XIII, of the Criminal Code (Cahill's Ill. St. ch. 38, ¶ 756), relating to pleas of "guilty," the failure of the record to show that the court explained to defendant in the prosecution in question for transporting and possessing intoxicating liquor, the consequence of a plea of guilty, was reversible error.

2. CRIMINAL LAW—*when explanation by court to accused of consequence of pleading guilty not presumed on review.* A plea of guilty can only be entered in this State, in felony as well as misdemeanor cases, after the defendant has been fully advised of the consequences of his plea, and a court of review cannot presume that the trial court performed this duty, in the absense of anything in the record to show a compliance with the statute relating to such pleas, but the record must show affirmatively that the court did explain to the defendant the consequences of a plea of guilty.

3. INTOXICATING LIQUORS—*impropriety of judgment for confiscation of transporting vehicle and property therein where statute not complied with.* It was error in a prosecution for transporting and possessing intoxicating liquor, to attempt, in the judgment, to confiscate the automobile in which the liquor was being transported, and certain property found therein, under section 31 of the Prohibition Act, Session Laws 1921, page 696 (Cahill's Ill. St. ch. 43,

(515)

¶ 32), where there was no effort to comply with the requirements of that section concerning summons and other court procedure against the owner and persons having liens against the property.

Error to the Circuit Court of Gallatin county; the Hon. W. S. SANDERS, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922.

LEWIS & LEWIS, for plaintiff in error.

JOSEPH L. BARTLEY, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error and one Tom Johnson were arrested on an information filed July 18, 1921, in the county court of Gallatin county. The information consisted of two counts. The first charged that the defendants named therein "did then and there unlawfully transport intoxicating liquor" and the second count charged that the defendants "did then and there unlawfully possess intoxicating liquor." The defendants signed written waivers of their right to jury trial and entered pleas of guilty. On such pleas of guilty the following judgment was entered:

"And now on this day, July 18th, comes Tom Johnson and J. C. Benner, defendants in the above entitled cause, into open court, sign jury waiver and enter a plea of guilty. * * * J. C. Benner is fined $300 and costs and 90 days in the county jail. Defendant is ordered to be committed to the county jail for 90 days and until fine and costs are paid or secured according to law. The sheriff is hereby ordered to empty all of said liquor, except one gallon, he is to safely keep as evidence against the other unknown parties, into the Ohio river. The court finds that the Gardner automobile license No. 206124 Ill. 1921, car No. 8390, and engine No. K-100,-328, owned by J. C. Benner in which said liquor was being transported is forfeited accord-

ing to law.  Also pump shot gun found in car, owner
unknown.  Cause continued for service upon August
Zvara, stated to have a lien upon said car, upon un-
known owner of gun.  Summons ordered to issue as
provided by law.''

Pursuant to that judgment plaintiff in error was
committed to the Gallatin county jail and was confined
therein when the writ of error was issued in this case.
It is contended by attorney for plaintiff in error that
this judgment must be reversed for the reason that the
record does not show that the trial court explained to
plaintiff in error the consequences of entering his plea
of guilty, and that he persisted in pleading guilty after
such explanation.

Paragraph 4 of division XIII of the Criminal Code
(Cahill's Ill. St. ch. 38, ¶ 756) provides:  ''In cases
where the party pleads 'guilty,' such plea shall not be
entered until the court shall have fully explained to the
accused the consequences of entering such plea; after
which, if the party persists in pleading 'guilty,' such
plea shall be received and recorded, and the court shall
proceed to render judgment and execution thereon, as
if he had been found guilty by a jury.  In all cases
where the court possesses any discretion as to the ex-
tent of the punishment, it shall be the duty of the
court to examine witnesses as to the aggravation and
mitigation of the offense.''  The record in this case
does not show that the trial court warned plaintiff in
error or admonished him of the consequences of his
plea of guilty as provided by the above statute.  If
the provisions of that statute are mandatory and a
compliance with the same must appear from the rec-
ord, then the contention of plaintiff in error is well
founded and this judgment must be reversed.  It has
been held by the Supreme and Appellate Courts of
this State that a plea of guilty in a criminal case can
only be entered after the defendant has been fully ad-
vised by the court of his rights and the consequences

of his plea of guilty. (*Krolage v. People,* 224 Ill. 456; *People v. Glick,* 200 Ill. App. 46.) It has also been held that this statute applies to misdemeanors as well as to felonies. (*People v. Sweetland,* 210 Ill. App. 432.) It would also appear that the Supreme Court has held that a court of review cannot presume that the trial court performed its duty under this statute in the absence of anything in the record to show a compliance with the statute, but that the record must affirmatively show that the trial court did explain to the defendant the consequences of a plea of guilty. In the case of *People v. Petrie,* 294 Ill. 366, the Supreme Court in an opinion by Justice Dunn said: "The record as originally made containing no reference to the explaining of the consequences of his plea of guilty to the defendant was insufficient to sustain the judgment." The Supreme Court again in the case of the *People v. Harney,* 276 Ill. 236, in an opinion by Justice Farmer held: "The record must show, as the statute requires, that the effect or consequence of entering a plea of guilty was fully explained by the court to the defendant, but it is not required that the language of the court in making the explanation shall be set out in the record."

In this case, not only does the record not show the language used by the court, but it is entirely silent as to whether the court explained to plaintiff in error the consequences of his plea of guilty, and under the above authorities we must hold there was clearly reversible error in entering the judgment herein. The judgment in this case seems also to attempt to confiscate the automobile in which the intoxicating liquor was being transported and certain property found therein under section 31 of the Illinois Prohibition Act (Session Laws 1921, page 696 [Cahill's Ill. St. ch. 43, ¶ 32]). There does not appear, however, to have been any effort to comply with the requirements of that section concerning summons and other court procedure

against the owner of and persons having liens against such property. In our opinion it was error for the court to enter any judgment against or concerning this property without a compliance with that section of the statute. For the errors herein pointed out, the judgment should be reversed and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

*Reversed and remanded.*