## The People of the State of Illinois, Defendant in Error, v. Rudolph H. Kolb, Plaintiff in Error.

1. CRIMINAL PROCEDURE—*affirmative showing of admonishment as to consequences of plea of guilty.* Record must affirmatively show that one pleading guilty was admonished as to the consequences of such plea.

2.. CRIMINAL LAW—*record of examination of witnesses on plea of guilty.* Where one pleads guilty, record need not show that witnesses were examined in mitigation or aggravation of the offense.

3. CRIMINAL LAW—*judgment to fix place of confinement.* Place of confinement must be definitely fixed by court in a judgment of conviction, and should not be in the alternative in the discretion of the sheriff.

4. CRIMINAL LAW—*preservation of sufficiency of information for review.* Even if reviewing court can decide question whether information charged a criminal offense, to which plaintiff in error pleaded guilty, it cannot do so in absence of motion to quash or motion in arrest of judgment.

5. CRIMINAL LAW—*preservation of questions for review.* Reviewing court on writ of error is not at liberty to pass upon a question that was not raised in the trial court.

Error by defendant to the County Court of Jefferson county; the Hon. J. R. PIERCY, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded with directions. Opinion filed April 15, 1925.

C. A. KARCH, for plaintiff in error.

JOE FRANK ALLEN, State's Attorney, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

The record fails to show that plaintiff was admonished as to the consequences of entering a plea of guilty. It is well settled that an affirmative showing is essential and the absence thereof is reversible error as will be seen from our decision in *People v. Benner,* 224 Ill. App. 515, and cases therein cited. It need not appear that witnesses were examined in mitigation or aggravation of the offense. *People v. Pennington,* 267 Ill. 45. The place of confinement must be definitely fixed by the court and should not be in the alternative in the discretion of the sheriff.

It is argued that the information does not charge a criminal offense. If the determination of that question is within the jurisdiction of this court it has not been preserved. There was no motion to quash and no motion in arrest of judgment. *People v. Maffei,* 315 Ill. 226. We are not at liberty to pass upon a question that was not raised in the trial court. The judgment is reversed and the cause remanded with directions to set aside the plea of guilty. Plaintiff may then move to quash the information if he so desires.

*Reversed and remanded with directions.*