## People of the State of Illinois, Appellee, v. Irvin D. Moore, Defendant-Appellant.

### Gen. No. 67–79.

Fifth District.

December 29, 1967.

Richard E. White, of Murphysboro, for appellant.

William B. Starnes, State's Attorney of Randolph County, of Chester, for appellee.

EBERSPACHER, P. J.

This is an appeal from the Circuit Court of Randolph County from a judgment on the verdict finding the defendant guilty of the offense of Aggravated Battery.

The defendant was charged in an indictment returned September 7, 1966. The indictment contained two counts, Count I charging him with the offense of Aggravated Battery and Count II charging him with the offense of Attempt to Commit Rape. The case was tried before a jury and the defendant was found guilty of Aggravated Battery and not guilty of Attempt to Commit Rape.

Seeking to reverse the judgment the defendant attacks the sufficiency of Count I of the indictment and alleges that the court erred in the admission of certain physical evidence.

The substantive portion of Count I of the indictment charges that ". . . on the 15th day of May, 1966, in said county, Irvin D. Moore committed the offense of Aggravated Battery in that he did knowingly, without legal justification, commit a battery on Louise Wilson, inflicting on her great bodily harm, by striking and injuring said Louise Wilson, and causing disfigurement to her, in violation of Paragraph 12–4(a), Chapter 38, Illinois Revised Statute . . ."

The basis of the defendant's objection, as we understand it, is that Count I does not charge an offense in that the nature and elements of the offense of aggravated battery are not set forth as required by chapter 38, sec-

tion 111–3, Ill Rev Stats 1965. The defendant reasons that chapter 38, section 12–3 provides:

> "A person commits battery if he intentionally or knowingly without legal justification and by any means, . . . causes bodily harm to an individual . . ."

and that chapter 38, section 12–4, Ill Rev Stats 1965 provides:

> "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commit aggravated battery . . ."

and that accordingly the indictment must charge that the defendant intentionally or knowingly committed a battery and that in so committing said battery intentionally or knowingly caused great bodily harm or permanent disability or disfigurement.

Even assuming the defendant's argument to be correct, it is our opinion that Count I of the indictment is sufficient. The issue raised by the defendant is really a question of grammar. The question posed is whether the allegation of intent contained in the body of the indictment applies to or modifies only the phrase that follows it or all of the remaining allegations of the indictment. To hold, as is urged by the defendant that the allegation of intent applies only to the phrase dealing with battery would be a step into the past when such strict construction of pleadings was countenanced. It is our opinion that the allegation of intent can easily be construed to apply to all of the remaining allegations of the indictment and that is our holding.

■ The purpose of the indictment is to apprise the defendant of the charge against him. People v. Cohen, 303 Ill 523, 135 NE 731 (1922). There is no claim that the defendant was surprised at trial or unable to meet the

charge or make preparation for his defense for want of greater certainty or particularity. The indictment meets the requirements of chapter 38, § 111–3, Ill Rev Stats 1965. Count I of the indictment sufficiently apprises the defendant of the charge against him.

The second allegation of error, however, is more serious. Prior to trial the defendant filed a motion seeking the production by the State of physical objects which the State expected to introduce at the trial. The State voluntarily answered the motion wherein it stated that the State had no physical objects except photographs of the complaining witness which the defendant could examine. However, during the course of the trial the State displayed before the jury, and introduced into evidence over objection of the defendant certain torn garments which were shown by the evidence to have been worn by the complaining witness at the time of the offense. Upon their being displayed, defendant promptly moved for a mistrial.

During argument of counsel outside the presence of the jury as to the admission of these objects, the State's Attorney informed the court that he had been unaware of them until they were brought to his attention by the sheriff on the day of the trial. The State's Attorney further represented to the court that he had been absent from his county for a considerable length of time in connection with the Menard Penitentiary murder case tried in Springfield, Illinois, and that the offense not only occurred during his absence but that a new sheriff was elected during the interim. We also note, and consider of particular importance, that during the aforesaid arguments the State offered the articles for inspection by the defendant. Rather than accept the offer of inspection, it appears that the defendant was content to stand by his objection and motion for mistrial.

The argument of the State that the defendant was not entitled to require production of the objects prior to

trial is without merit. Without passing on the question of whether the defendant was entitled to the production of the physical objects the short answer to the State's argument is that they voluntarily informed the defendant that they had no such objects other than the photographs. Surely the defendant should be able to rely upon the word of the State, regardless of changes in office and an unusual work situation in the office of the State's Attorney. We cannot condone the prosecution's lack of knowledge concerning the clothes of a prosecutrix in a case in which attempt to rape is charged.

Nevertheless, although it is our opinion that the court committed error in the admission of the objects into evidence, it is our opinion that the error was not of sufficient magnitude, based upon the facts of this case, as to require reversal.

■ Pictures taken shortly after the attack, displaying prosecutrix' bruises and other injuries had been admitted into evidence. The complaining witness had already testified in detail as to the condition of her clothing occasioned by the defendant's attack. The exhibition of the clothing before the jury was merely cumulative of this testimony. Likewise it is our opinion that the exhibits have little probative value as to the offense of which the defendant was convicted. Their probative value as we see it lies in proof of the offense of Attempt to Commit Rape as charged in Count II of the indictment. The jury found the defendant not guilty of that offense; and thus the error in that cause is not here material. There was ample evidence, without the clothes, on which the jury could return a verdict of guilty on the aggravated battery count.

The defendant's reliance on People v. Hoffman, 32 Ill2d 96, 203 NE2d 873 (1965); People v. Buzan, 351 Ill 610, 184 NE 890 (1933); People v. Gerold, 265 Ill 448, 107 NE 165 (1915); Miller v. Pate, 386 US 1, 87 S Ct 785, 17 L Ed 2d 690 (1967); People v. Hoagland, 83 Ill App2d 231, 227

NE2d 111 (1967) ; People v. Wolff, 19 Ill2d 318, 167 NE2d 197 (1961) ; and People v. Dickelmann, 367 Ill 322, 11 NE 2d 420 (1938) is misplaced. In each of these cases the issue involved was withholding or suppression of evidence by the State. In our opinion the State would have committed a serious error in the present case if they had secreted the existence of the clothing after being informed by the sheriff of their existence. We do not consider that here, suppression of the clothes until trial deprived defendant of any defense to the aggravated battery charge.

It is noteworthy and we have placed reliance upon the specific finding of the trial court that the prosecutor had been candid and had produced the clothing when he became aware of it and had been truthful in stating that he had no knowledge of the items until the day of trial; and that the trial court found they contained no blood marks, were only torn and dirty, and contained nothing to excite the feelings of the jury, although there was evidence of the complaining witness shedding blood. Defendant does not contend the clothes were bloody.

For the aforegoing reasons the judgment of the Circuit Court of Randolph County is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.