THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY TUCKER, Defendant-Appellant.

(No. 58048;

First District (4th Division)—November 21, 1973.

James J. Doherty, Public Defender, of Chicago (Stanley Sacks, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, John M. Cutrone, and Ricky Petrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was charged in one complaint with the aggravated battery of Myron Goodlow and in another complaint with the aggravated battery of Myron Goodlow, although the latter complaint bore the signature of Mary E. Goodlow as the complainant. The defendant was tried before the court without a jury and was found guilty of both charges. The trial court sentenced the defendant to one year at the State Farm in Vandalia, Illinois, on each charge, with the sentences to run concurrently. In this appeal the defendant contends that the complaints are fatally defective in that they fail to allege that the defendant acted intentionally or knowingly. The defendant also maintains that he could not properly be sentenced to concurrent sentences where both aggravated battery complaints charge him with an offense upon the same victim, Myron Goodlow. We do not agree with these contentions.

At the trial Myron Goodlow testified that on July 19, 1972, he was seated in an automobile in a gas station at 601 S. Sacramento in Chicago. Mr. Goodlow was sitting in the middle of the back seat and a Mrs. Jakes was on his right and Larry Jakes was on his left. Mr. Goodlow's father was driving and Mary E. Goodlow, Myron Goodlow's mother, was in the right front passenger seat. Myron Goodlow stated that upon arriving at the gas station he saw the defendant standing at the filling station talking to a boy. He then observed the defendant run out of the gas station and down an alley. Myron Goodlow went on to testify that he saw the defendant return to the filling station and that the defendant had a gun. The defendant approached the automobile with the gun and Myron hollered "duck" and then felt pellets across his face. Myron Goodlow testified it was the defendant who fired the weapon and that he was wounded in the forehead, mouth and right hand. At the time the defendant fired, the defendant was approximately 25 feet away from the automobile. Mary E. Goodlow testified that she was hit in the head by some pellets but that she did not observe who shot her.

The defendant testified in his own behalf and stated that he was at the filling station and saw Myron Goodlow in the automobile. However,

the defendant testified that he left the gas station and went to a young lady's house. The defendant denied that he returned to the gas station with a gun and fired at the automobile.

■■ The defendant's first contention is that the complaints do not state an offense because they fail to allege that he acted intentionally or knowingly. Defendant therefore maintains that the complaints are subject to dismissal under section 114—1(a) (8) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a) (8).) The State contends in its brief "that failure to object before or at trial acts as a waiver of defendant's right to raise this issue on appeal." It is the State's position that any errors in the complaint were of a technical nature and therefore waived by the defendant's failure to move to quash. We do not agree. The defendant's contention is that the complaints failed to allege an offense which goes to the substance of the complaints and is not a mere technicality. We also do not agree that a failure to object before or at trial acted as a waiver. Section 14—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(b)) states:

> "The Court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the Court and the grounds therefor, *except as to subsections (a) (6) and (a) (8) of this Section, are waived.*" (Emphasis added.)

Subsection (a) (8) deals with the ground that the charge does not state an offense. "The failure to charge an offense and the obvious harm to the defendant resulting therefrom, is the kind of defect involved in due process of law and it cannot be waived. Such defect may be attacked at any time, and may be brought up for the first time in this Court. *People v. Minto,* 318 Ill. 293, 296, 149 N.E. 241 (1925); *People v. Petropoulos, supra,* 324." (*People v. Billingsley* (1966), 67 Ill.App.2d 292, at 300, 213 N.E.2d 765, at 769 to 770.) Therefore, the defendant's failure to object before or at the trial did not constitute a waiver and the issue of whether or not the complaints failed to state an offense is properly before this court.

The complaints in issue were identical in their wording and stated "that Gregory Tucker has, on or about 19 July 72 at 601 So. Sacramento, Chicago, Cook, Ill. committed the offense of aggravated battery in that he committed a battery, to wit caused bodily harm to Myron Goodlow, while using a deadly weapon to wit a shotgun." One complaint named Myron Goodlow as the complainant and was signed and verified by him. The other complaint named Mary Goodlow as the complainant and bore her signature and verification. The defendant's contention is

that these complaints are fatally defective in that they do not allege he acted intentionally or knowingly.

■■ The defendant challenges the sufficiency of the complaints and contends that they do not meet the requirements of section 111—3(a) (3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a) (3)) which requires setting forth the nature and elements of the offense charged. "The purpose of section 111—3(a) of the Criminal Code, * * * is to make certain that the accused will be adequately informed of the nature and elements of the offense charged against him so that he may be able to prepare his defense and protect himself from double jeopardy by subsequent prosecutions for the same offense." (citations omitted.) (*People v. Brausam* (1967), 83 Ill.App.2d 354, at 361, 227 N.E.2d 533, at 537.) The defendant is correct that the complaints in issue do not explicitly allege that he acted intentionally or knowingly. However, they utilize the technical term "battery" and the question is therefore whether the utilization of this term is sufficient.

■■ The term "battery" is defined in section 12—3 of the Criminal Code. "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1971, ch. 38, par. 12—3(a).) A person is guilty of an aggravated battery when he commits a battery by the use of a deadly weapon. (Ill. Rev. Stat. 1971, ch. 38, par. 12—4.) An individual cannot commit an aggravated battery unless he acts intentionally or knowingly and an allegation that a defendant did so act is necessary for a sufficient complaint. While the complaints in issue do not explicitly allege that the defendant acted intentionally or knowingly, utilization of the technical term "battery" implicitly makes the requisite allegation. In the case of *People v. Mills* (1968), 40 Ill.2d 4, the defendant was charged with possession of a narcotic drug and he challenged the sufficiency of the indictment because it failed to charge him with knowledge of the drug. The indictment used the technical term "possession" which is defined in section 4—2 of the Criminal Code to incorporate knowledge. The Supreme Court stated:

> "It is the law in this State that 'Where a word is so used in one portion of a statute as to have a clearly defined meaning, the same word when used in another portion of the same statute will be given the same meaning * * *.' (*People v. Talbot,* 322 Ill. 416, 422.) Accordingly we find that the defendant must be held chargeable with notice that the term 'possession' used in the indictment implicitly meant *knowing* possession, * * *." *People v. Mills, supra,* at 12.

The complaints in the case at bar charged the defendant with aggravated battery and stated that the defendant committed a battery upon Myron Goodlow with a deadly weapon. The utilization of the technical term "battery" necessarily incorporated the definition of that term as set forth in section 12—3 of the Criminal Code into the complaints. The complaints in issue, therefore, implicitly alleged that the defendant acted intentionally or knowingly. It is our opinion that the complaints were legally sufficient to apprise the defendant of the offense with which he was charged and allowed him to adequately prepare a defense and to plead a conviction as a bar to any future prosecution based on the same acts.

The defendant relies heavily on *People v. Leach* (1972), 3 Ill.App.3d 389, 279 N.E.2d 450, which dismissed a complaint that charged the defendant with mob action because it failed to allege that the defendant acted with intent, knowledge, recklessness or negligence. However, the case at bar can be distinguished from *Leach*. The offense of mob action is defined in section 26—1 of the Criminal Code but there is no mental state set forth. Therefore, a complaint which only utilized the technical term "mob action" could not implicitly allege a mental state. However, as previously stated a complaint which contains the technical term "battery" implicitly alleges that the defendant acted intentionally or knowingly because of the definition of battery in our Criminal Code. Defendant's reliance on *Leach* is misplaced.

■■ The defendant also contends that he could not properly be sentenced to concurrent sentences where both aggravated battery complaints against him were allegedly committed upon the same victim, Myron Goodlow. The defendant's contention is that two separate punishments for a single act cannot be imposed. However, the record clearly shows that there was not a single act but that an aggravated battery was committed upon Myron Goodlow and Mary Goodlow. The fact that both complaints stated that the victim was Myron Goodlow is not a fatal defect. In the case of *People v. Jankowski* (1945), 391 Ill. 298, 63 N.E.2d 362, the defendant was charged with assault with intent to commit rape. The indictment alleged that the victim was Catherine Valenta while the proof showed that the victim was Katherine Balenta. The Supreme stated:

> "In the case under consideration the difference in the name of the person in the indictment and the complaining witness does not go to the 'real merits' of the case unless it can be shown that plaintiff in error might be again put in jeopardy for the same offense or unless his rights were otherwise injured thereby. * * * The object of requiring an indictment to name the person as-

saulted is to provide identification, so that the accused mà'y prepare his defense and not be taken by surprise on the trial, and to prevent his being twice tried for the same offense. (*People v. Weisman,* 296 Ill. 156; *People v. Reilly,* 257 Ill. 538.) Where, from the record, there is no question of the identity of the victim as the person named, such variance is not fatal. (*Little v. People,* 157 Ill. 153.)" *People v. Jankowski,* 391 Ill. 298, at 301 to 302, 63 N.E.2d 362, at 363 to 364 (1945), *overruled on other grounds, People v. Flynn* (1956), 8 Ill.2d 116.

The record clearly shows that an aggravated battery was committed upon two different persons. Although both complaints named Myron Goodlow as the victim, one named him as the complainant and was signed and verified by him, while the other named Mary Goodlow as the complainant and was signed and verified by her. Under these circumstances we cannot conclude that the defendant was given separate punishments for a single act.

The judgment of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.