THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY L. DePRATTO, Defendant-Appellant.

First District (2nd Division)    No. 61963

Opinion filed February 26, 1976.

James J. Doherty, Public Defender, of Chicago (Anthony C. Sabbia and Thomas F. Finegan, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Mary C. Martin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution by an indictment that charged Harry L. De-Pratto with one count of armed robbery and three counts of aggravated battery. He was tried without a jury, found guilty of all the charges; and without specifying the particular count on which sentence was to be imposed, the court sentenced him to serve two to six years for aggravated battery. Defendant appeals, but the only issue he presents is whether the three aggravated battery counts of the indictment were fatally defective.

340

These counts, in their relevant parts, contained the following allegations.[1]

### (1)

"* * * that on October 29th, 1973, at and within said County [County of Cook] Harry L. DePratto committed the offense of aggravated battery, in that he, intentionally and knowingly, without legal justification, committed a battery on Daniel C. Fuesz which caused great bodily harm to said Daniel C. Fuesz in violation of Chapter 38, Section 12—4, of the Amended Illinois Revised Statutes 1971 * * *."

### (2)

"* * * that on October 29th, 1973, at and within said County [County of Cook] Harry L. DePratto committed the offense of aggravated battery, in that he, intentionally and knowingly, without legal justification, committed a battery on Daniel C. Fuesz which caused permanent disability to said Daniel C. Fuesz in violation of Chapter 38, Section 12—4, of the Amended Illinois Revised Statutes 1971 * * *."

### (3)

"* * * that on October 29th, 1973, at and within said County [County of Cook] Harry L. DePratto committed the offense of aggravated battery, in that he, in committing a battery on Daniel C. Fuesz used a deadly weapon, in violation of Chapter 38, Section 12—4, (b—1), of the Amended Illinois Revised Statutes 1971 * * *."

The first subparagraph of the statute described in each count provides that "[a] person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery."[2] (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(a).)

---

[1] The parties in their respective briefs refer to the aggravated battery charges as having been the subject of separate indictments. However, our examination of the record discloses a single indictment with four counts. The first count charged armed robbery; the other three, two to four inclusive, charged aggravated battery. We will refer to these latter counts without regard to their relation in the indictment of record before us.

[2] We notice that each count of the indictment alleged commission of a crime on October 29, 1973, but stated it was a violation "* * * of the Amended Illinois Revised Statutes 1971 * * *." The 1971 aggravated battery statute was amended effective January 1, 1973. Therefore, we conclude that the statute violated was the one then in force, the 1973 law.

The next subparagraphs provide that "* * * [a] person who, in committing a battery * * * [u]ses a deadly weapon * * * commits aggravated battery * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 12—4.) The issue concerning the legal sufficiency of the aggravated battery counts arises from defendant's argument that two of these counts charged he caused great bodily harm and inflicted permanent disability but did not allege he intentionally or knowingly caused those results. Defendant points out that in each of the two counts the phrase "intentionally and knowingly" modified commission of the battery, not the causing of great bodily harm or the infliction of permanent disability. As to the other count, the one that charged him with aggravated battery by use of a deadly weapon, he points to the fact it did not contain any allegation that he acted intentionally or knowingly when he committed the alleged offense. Therefore, he insists that these counts are fatally defective.

The State meets these arguments with the contention that the only reasonable construction to be given the counts that charged causing great bodily harm and inflicting permanent disability is that the expression "intentionally and knowingly" which admittedly modified commission of the battery, also modified the allegations that defendant caused the victim great bodily harm and inflicted permanent disability. With regard to the count that charged use of a deadly weapon, the State contends that implicit in the allegation that defendant committed battery was the allegation that he did so "intentionally and knowingly."

■■ We reject defendant's arguments because in our judgment they have no place in today's concepts of criminal pleadings. It is the policy of modern courts to disregard mere technical objections and require only that an indictment fully state the essential elements of the offense charged. (41 Am. Jur. 2d *Indictments and Informations* §66 (1968).) Whether an indictment sufficiently charges an offense does not depend on nice attention to technicalities of pleadings or formulistic recital of allegations. (See *United States v. Kahn* (7th Cir. 1967), 381 F. 2d 824, 829.) An indictment that enables a defendant to prepare his defense and sustain a plea of judgment in bar of any further prosecution for the same offense is sufficient to charge a crime. (*People v. Bonner*, 37 Ill. 2d 553, 229 N.E.2d 527.) Not every omission from the allegations of an indictment will prevent it from having the specificity which will enable a defendant to prepare his defense. Compare *People v. Zboralski*, 33 Ill. App. 3d 912, 338 N.E.2d 925.

■■ In this case, as to two of the counts, defendant's arguments express a mere technical objection to the arrangement of the allegations involved. We agree with the State that as to the counts that charged him

with having caused great bodily harm and inflicted permanent disability on the victim, the only logical interpretation is that the phrase "intentionally and knowingly" modified not only commission of the battery but achievement of the results the State claims constituted the crimes charged. (See *People v. Moore*, 90 Ill. App. 2d 466, 233 N.E.2d 450.) The count that charged battery by use of a deadly weapon was legally sufficient although it did not contain an allegation that defendant acted "intentionally or knowingly." (See *People v. Tucker*, 15 Ill. App. 3d 1003, 305 N.E.2d 676; *People v. Williams*, 15 Ill. App. 3d 294, 304 N.E.2d 150.) Therefore, we conclude that the three aggravated battery counts of the indictment were not fatally defective.

Ordinarily, this conclusion would require us to affirm the judgment. However, our examination of the record discloses that after hearing the evidence, the trial judge entered findings of guilty on each of the indictment counts but reserved the question whether he was going to enter judgment on the armed robbery count and on the three that charged aggravated battery. He continued the cause. On the adjourned date, he announced his intention to enter judgment "* * * on aggravated battery alone, rather than on the armed robbery * * *." Then, after the sentence hearing, he ordered that defendant serve two to six years.

■■ The report of proceedings shows the judge did not say on which of the three aggravated battery counts he was imposing sentence. The common law record, however, recites that he imposed a sentence of two to six years on each aggravated battery count, the sentences to be served concurrently. Obviously, the common law record is in conflict with the report of proceedings. In cases such as this, the report of proceedings prevails. (*People v. Gregory*, 77 Ill. App. 2d 188, 222 N.E.2d 182; see *People v. Williams*, 27 Ill. 2d 327, 180 N.E.2d 314; *People v. Glick*, 200 Ill. App. 46 (abstract opinion); compare *People v. Barg*, 384 Ill. 172, 51 N.E.2d 168.) And after examining it, we determine that defendant was found guilty of armed robbery and three counts of aggravated battery but was sentenced for aggravated battery without the judge specifying on which count the sentence was being imposed.

■■ It clearly appears that the offenses charged in the four counts resulted from one conduct. It is well established that where the conduct of a defendant results in more than one offense, he can be convicted and sentenced only for one, with the sentence limited to the penalty for the most serious of them; and any verdict or finding of guilty on which sentence is not imposed must be vacated. (*People v. Lilly*, 56 Ill. 2d 493, 309 N.E.2d 1; see Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4.) And, in a case like this one, without the question being raised, we will notice a departure from the provisions of the Criminal Code that govern the im-

position of sentences.[3] *People v. Bounds,* 36 Ill. App. 3d 330, 343 N.E.2d 622; see *People v. Hall,* 17 Ill. App. 3d 1, 307 N.E.2d 664; Supreme Court Rule 615, Ill. Rev. Stat. 1975, ch. 110A, par. 615.

Therefore, we observe that battery under the first subparagraph of the aggravated battery section, battery causing great bodily harm or inflicting permanent disability, is a Class 3 felony, an offense punishable by imprisonment from one to 10 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 12—4(d); 1005—8—1(b)(4).) Battery by use of a deadly weapon which is also aggravated battery, is a less serious offense, one punishable by imprisonment from one to five years. (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(1)(9).) It follows that of the three charges of aggravated battery, the sentence imposed was compatible only with the two more serious ones that accused defendant of having caused great bodily harm and having inflicted permanent disability on the victim. Furthermore, in view of *Lilly,* defendant can be convicted and sentenced only as to one of these.

Accordingly, we affirm the judgment as to the count that charged defendant with having caused great bodily harm. We remand the cause with directions that the trial court vacate the findings of guilty on the count that charged armed robbery and on the two remaining counts that charged aggravated battery, and issue an amended mittimus.

Affirmed and remanded with directions.

STAMOS, P. J., and DOWNING, J., concur.

---

[3] In the course of this appeal, defendant made a motion for reversal and remand of this cause with directions that the trial court specify the aggravated battery count on which it imposed sentence. We denied the motion. It is obvious that the motion raised a question inconsistent with the issue in this appeal.