THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE HALTOM, Defendant-Appellant.

First District (3rd Division)   No. 62004

Opinion filed April 15, 1976.

James R. Streicker and Steven H. Nardulli, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Mary C. Martin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Bruce Haltom, after a jury trial, was found guilty of an aggravated battery of Floyd McKinney and battery of Charles Wernick, both police officers. The trial court sentenced defendant to a conditional discharge for a period of three years and imposed costs of $173.40 against him.

On appeal, defendant contends that the indictment, which consisted of two counts charging the aggravated battery of two police officers, was void in not alleging that the police officers sustained physical harm in the course of the batteries. He also contends that the trial court erred in instructing the jury and that the statute authorizing the imposition of prosecution costs is unconstitutional. We agree with defendant's initial contention; it is therefore unnecessary to reach the other issues presented.

The circumstances giving rise to the charges involved an alleged scuffle on the stairs of a police station between defendant and the two officers following defendant's arrest for the illegal use of fireworks. The two-count indictment charged that defendant committed an aggravated battery on Officer Floyd McKinney and on Officer Charles Wernick of the Evanston Police Department on July 4, 1973, and stated in pertinent part:

> "that on July 4th, 1973 at and within said County Bruce Haltom committed the offense of aggravated battery in that he intentionally and knowingly without legal justification committed a battery on Floyd McKinney, a peace officer, knowing him to be a peace officer engaged in the execution of his official duties, in violation of Chapter 38, Section 12—4(b—6), of the Amended Illinois Revised Statutes 1971."

"that on July 4th, 1973, at and within said County Bruce Haltom committed the offense of aggravated battery in that he, intentionally and knowingly without legal justification committed a battery on Charles Wernick, a peace officer, knowing him to be a peace officer engaged in the execution of his official duties, in violation of Chapter 38, Section 12—4(b—6), of the Amended Illinois Revised Statutes 1971."

After trial the jury returned verdicts finding defendant guilty of aggravated battery as to Officer McKinney and simple battery as to Officer Wernick. Prior to sentencing, the trial court denied defendant's motion in arrest of judgment. Defendant contends that the indictment is void in failing to allege that either Officer McKinney or Officer Wernick sustained actual physical harm as a result of the altercation. We agree.

The applicable subsection of the statute (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)) defines the offense of aggravated battery to a peace officer as one in which

"(b) A person who, in committing a battery either:
* * *

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest."

The offense of battery is defined by statute (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)) in the following manner:

"(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

Section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—3(a)(3)) requires that a criminal charge set forth the nature and elements of the offense. In *People v. Crane* (1971), 3 Ill. App. 3d 716, 279 N.E.2d 134, it was held that when a charge of aggravated battery is brought under any one of the subsections of section 12—4(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)) which employs the word "harmed" (subsections (3) (4) (5) (6) (7) and (9)), actual physical harm is an essential element which must be proved. Implicit in the *Crane* decision was the premise that actual physical harm must likewise be pleaded. That premise was subsequently adopted expressly in *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652. There it was held that an indictment which charged aggravated battery of a peace officer was fatally defective in the absence of an allegation that the peace officer suffered physical harm. Here, neither count of the indictment alleged that the named police officer

sustained any actual physical harm in the altercation with defendant. Under the authority of *Nance*, each count was fatally defective for the lack of such allegation.

We also find that neither count of the indictment was sufficient to charge the commission of a simple battery. In *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37, it was held that battery consists of two alternative and disjunctive elements; that is, physical contact which causes bodily harm or physical contact of an insulting or provoking nature. In that case, an indictment which charged a battery but failed to allege either of the alternative elements of battery was held to be fatally defective. Likewise, in the two counts of the indictment in this case, neither alternative element of battery is alleged, rendering each count insufficient to charge the lesser included offense of battery.

The State argues that the allegations of "harm" and the alternative elements of the lesser included offense of battery are necessarily incorporated into an indictment which charges aggravated battery. The State relies upon *People v. Tucker* (1973), 15 Ill. App. 3d 1003, 305 N.E.2d 676, which is distinguishable. There the defendant challenged the sufficiency of a complaint charging aggravated battery on the ground that it was not alleged that the offense was committed with intent or knowledge. In affirming the conviction the court stated that by the use of the technical term "battery" within the charge of "aggravated battery," the definition of the former term as set forth by statute was necessarily incorporated into the complaint. The court then held that the defendant was chargeable with notice of the implicitly alleged mental state. Here, however, the indictment does not omit a general allegation such as the requisite mental state which would be applicable to all batteries, regardless of their character. Instead, the indictment omitted the allegation of actual physical harm which, under *Nance*, was essential to a charge of aggravated battery to a peace officer, but which also was only one of the two disjunctive alternative elements essential to a charge of simple battery. By the mere use of the technical term "battery," an allegation of actual physical harm cannot be said to be necessarily incorporated into each count of the indictment charging aggravated battery. On the same basis, the mere use of "battery" in each count of the indictment cannot be said to necessarily incorporate either of the disjunctive alternative elements of simple battery. The holding in *Tucker* does not aid the deficiencies of the instant indictment in failing to charge either aggravated battery or the lesser included offense of simple battery.

The State has also cited *People v. Brown* (1974), 18 Ill. App. 3d 1049, 310 N.E.2d 498; and *People v. Lugo* (1973), 15 Ill. App. 3d 34, 303 N.E.2d 145 (abstract opinion) in support of the sufficiency of the instant indictment. These cases are also distinguishable. In *Brown*, the complaint

alleged that the defendant committed a battery on a peace officer which caused physical harm. The court did not address the issue of whether the disjunctive alternative elements of simple battery must also be alleged. In *Lugo*, the defendant was charged by information with aggravated battery on a peace officer which specifically alleged the battery had caused physical harm to the officer by physical contact of an insulting or provoking nature.

■■ The State finally urges that the proper standard for determining the sufficiency of the instant indictment is whether defendant was adequately informed of the charges to enable him to prepare his defense and plead judgment in bar to future prosecution. It maintains that such is the purpose of section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—3(a)(3)). The standard advanced by the State for judging the sufficiency of the indictment is restricted to those instances where the accused challenges the charge for the first time on appeal. (See *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Here, defendant filed a motion in arrest of judgment which attacked the adequacy of the indictment on the same ground now contended in this court. Therefore, the proper standard for reviewing the indictment is whether it set forth the nature and elements of the offenses charged. We hold that the instant indictment did not, and as a consequence, was void.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

McNAMARA and McGLOON, JJ., concur.