THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS LUTZ, Defendant-Appellant.

Fourth District   No. 14203

Opinion filed September 30, 1977.

GREEN, P. J., dissenting.

Richard J. Wilson and Barbara Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago (Donald McKoski and Stuart W. Opdycke, Assistant Attorneys General, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions, entered upon jury verdicts, of the offenses of aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(1) and 12—4(b)(6)), and the sentence of one to five years imposed.

■■ An issue upon appeal is whether the indictments are void for failure to charge the respective offenses. The defendant filed a motion in arrest of judgment alleging that the indictment "does not charge an

offense." (Ill. Rev. Stat. 1973, ch. 38, par. 116—2(b)(1).) The motion was denied. A motion in arrest of judgment preserves for review the issue of whether the indictment sufficiently set forth the nature and elements of the offense charged. (*People v. Haltom* (1976), 37 Ill. App. 3d 1059, 347 N.E.2d 502, *appeal denied*, 63 Ill. 2d 559.) A motion in arrest of judgment preserves the question of whether the indictment charges an offense to the trial court and thus is distinguished from those cases where the issue is first raised upon appeal. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

Count I of the indictment alleged that defendant:

"* * * committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification in committing a battery on Dan Wilson used a deadly weapon, to-wit; a firearm, in violation of * * * Chapter 38, Section 12-4(b)(1), * * *."

Count II alleged that defendant:

"* * * committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification, in committing a battery on Dan Wilson, then and there knew Dan Wilson, the individual harmed, to be a Peace Officer engaged in the execution of official duties, in violation * * * Chapter 38, Section 12—4(b)(6), * * *."

In *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37, the court examined two complaints charging a battery. Section 12—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—3), defines battery as:

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

That opinion determined that the complaints were fatally defective and the convictions were reversed because such complaints failed to charge either of the alternative elements of the offense, *i.e.*, that the physical contact caused bodily harm or that the physical contact was of an insulting or provoking nature. So, in *People v. Latham* (1973), 13 Ill. App. 3d 371, 299 N.E.2d 808, it was held that an indictment was insufficient to charge aggravated battery where it failed to charge either of the alternative elements constituting the offense of battery. Again, in *People v. Haltom* (1976), 37 Ill. App. 3d 1059, 347 N.E.2d 502, *appeal denied*, 63 Ill. 2d 559, it was held that an indictment charging aggravated battery would be reversed when it:

"* * * failed to allege either of the alternative elements of battery was held to be fatally defective." 37 Ill. App. 3d 1059, 1062, 347 N.E.2d 502, 504.

The *Haltom* opinion stated that the pleading of the word "battery" in

each count of the indictment can not be said to "necessarily incorporate" either of the alternative disjunctive elements of battery.

■■ ■ Defendant argues that count II includes the phrase "the individual harmed" and that the use of a form of the word "harmed" sufficiently connotes actual physical harm under the requirements of *Haltom*. In *People v. Meints* (1976), 41 Ill. App. 3d 215, 355 N.E.2d 125, this court held that the word "harmed" was not restricted to physical harm but rather included "physical contacts of an insulting or provoking nature." As pleaded here, the allegation made is at best the pleading of a conclusion rather than the pleading of the fact of physical harm.

We find that in *People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628, the court held that an indictment alleging that defendant "committed the offense of aggravated battery, in that he, in committing a battery * * * used a deadly weapon, in violation of Chapter 38, Section 12—4(b-1) * * *" was not fatally defective. The only question presented to the court, however, was whether the indictment was defective by reason of the failure to allege that defendant acted "intentionally and knowingly." Thus the court did not reach the issue here presented.

While the record discloses that the jury was properly instructed upon the issues of aggravated battery, the authority of *Abrams*, *Latham* and *Haltom* require that the convictions be reversed for failure to charge the respective offenses as required by section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—3(a)(3)).

The judgment is reversed.

Reversed.

REARDON, J., concurs.


Mr. PRESIDING JUSTICE GREEN, dissenting:
I dissent.
Based upon the widely recognized rule that a charge must allege all of the material elements of the offense, the supreme court held in *Abrams* that a battery charge must allege that the victim either caused bodily harm or was of an insulting or provoking nature. In *People v. Williams* (1972), 52 Ill. 2d 455, 288 N.E.2d 406, however, that court ruled that in alleging attempted aggravated kidnapping the charge need not set forth all of the elements of the substantive offense attempted. No supreme court case has been called to our attention which states whether the same rule is applicable to a charge of an aggravated offense where as here the charge names the offense sought to be aggravated. In *Latham*, the appellate court for the Fifth District ruled that all of the elements of the

battery upon which the aggravated battery is based must be alleged and ruled the aggravated battery charge before it to be defective for failure to state whether the conduct charged was done knowingly or intentionally and whether the contact with the victim caused bodily harm or was of an insulting and provoking nature. In *People v. Tucker* (1973), 15 Ill. App. 3d 1003, 305 N.E.2d 676, on the other hand, the appellate court for the First District held that an aggravated battery charge which alleged that the accused committed a battery did not need to allege that he committed the acts intentionally or knowingly because that was implied by definition from the battery alleged. As I subsequently discuss, the court in *Haltom* distinguished that case from *Tucker*.

In *People v. DePratto* (1976), 36 Ill. App. 3d 338, 343 N.E.2d 628, another division of the appellate court for the First District passed upon the sufficiency of a count which stated that on a date the accused committed aggravated battery "in that in committing a battery upon Daniel C. Fuesz used a deadly weapon in violation of" section 12—4(b)(1). That opinion indicates that objection was made only to the failure of the count to allege that the accused's conduct was knowing or intentional. The court ruled that the count was sufficient because the allegation that the accused committed a battery implied that he did so knowingly or intentionally. That count was substantially the same as count I in the instant case. The allegation that the defendant here committed a battery would likewise imply that he either made contact causing bodily harm or did so in an insulting or provoking manner. I consider the reasoning of the First District to be the more persuasive and consider count I to charge aggravated battery.

Count II presents a more complicated problem because it attempts to charge aggravated battery under section 12—4(b)(6). In *Meints* we ruled that a person "harmed" or "battered" under section 12—4(b) (3 to 9) may be either one receiving bodily harm or one receiving contact of an insulting or provoking nature. In *People v. Crane* (1971), 3 Ill. App. 3d 716, 279 N.E.2d 134, and *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652, on the other hand, the Fifth District of the appellate court has ruled that the term "harmed" in those sections has reference only to a victim receiving bodily harm not one merely receiving contact of an insulting and provoking nature. The *Haltom* court adopted the *Crane* and *Nance* interpretation of section 12—4(b) (3 to 9) and ruled defective counts which failed to allege whether the battery which was the basis for the aggravated battery charge was one arising from the infliction of bodily harm or from contact of an insulting and provoking nature. The rationale of the *Haltom* decision was that the battery alleged might be one based only upon contact of an insulting or provoking nature and thus not the foundation for a charge of aggravated battery under section 12—

4(b)(6). The court distinguished its decision from that in *Tucker* upon the basis that in *Tucker* the allegation that a battery was committed necessarily implied that the accused's conduct was intentional or knowing whereas the allegation of a battery in *Haltom* would not necessarily imply the type of a battery required by *Crane* and *Nance* as the basis for a section 12—4(b)(6) charge. Under the *Meints* interpretation either type of battery would be sufficient to support a section 12—4(b)(6) charge and an allegation that the accused committed a battery would imply conduct sufficient to support such a charge. I deem count II to also be sufficient.

I would affirm.