THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUDY G. LUTTRELL, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOYCE LUTTRELL, Defendant-Appellant.

Fourth District   Nos. 4—84—0705, 4—84—0706 cons.

Opinion filed June 27, 1985.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Robert J. Biderman and Kevin T. McClain, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

Judy, Joyce and Joan Luttrell, sisters, were charged in the circuit court of Woodford County, by information with the offenses of battery and disorderly conduct. Subsequently an indictment was returned and filed in the same circuit court, charging the three Luttrell sisters with the offense of aggravated battery. Specifically the indictment alleged:

"That Joan Luttrell, Judy Luttrell, and Joyce Luttrell on or about the 21st day of March, 1984, at El Paso, Illinois, in the county of Woodford and State of Illinois, committed the offense of AGGRAVATED BATTERY in that each defendant wilfully, unlawfully, and knowingly, in violation of the Illinois Revised Statutes, Chapter 38, section 12—3, without legal justification, knowingly caused bodily harm to a City of El Paso Police Officer by engaging in a physical altercation with him, knowing

such person to be a police officer engaged in the execution of his official duties."

The three defendants entered a plea of not guilty to all charges, and a bench trial was held on May 22, 1984, resulting in a finding of guilty by the court on all charges against all defendants. A sentencing hearing was held, and Judy was sentenced to the Department of Corrections for a term of three years on the aggravated battery conviction. Joyce Luttrell was sentenced to the Department of Corrections for a term of two years. The court did not impose a sentence on the misdemeanor convictions.

Thereafter, a motion in arrest of judgment was filed alleging that the three charging instruments failed to state offenses. (Ill. Rev. Stat. 1983, ch. 38, par. 116—2(b)(1)). The trial court denied defendants' motion. Joyce and Judy Luttrell appeal. Joan is not a party to this appeal.

The defendants' primary contentions are that (1) the trial court erred in denying defendants' motion in arrest of judgment with respect to the aggravated battery indictment because the indictment failed to specify the identity of the victim or victims of the aggravated battery; (2) the trial court erred in denying defendants' motion in arrest of judgment with respect to the disorderly conduct charge because the information alleged the crime in the general language of the statute; (3) the defendants were not proved guilty of disorderly conduct beyond a reasonable doubt, and (4) the defendants were improperly assessed sheriff's fees.

Because of the view we take of this case, and because the parties are familiar with the facts, we will make only a brief recitation of the facts here.

The three sisters got into a confrontation with two El Paso high school students and a teacher, Steve Schroeder. As a result of this, El Paso police officers eventually became involved, and there was an altercation between the three sisters and two El Paso police officers.

■ With respect to defendants' first contention, the statutes, in pertinent part, provide:

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1983, ch. 38, par. 12—3(a).

"A person who, in committing a battery, commits aggravated battery if he either:

\* \* \*

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional institution employee, while such officer or employee is engaged in the execution of any of his official duties including arrest or attempted arrest." Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b).

The indictment in this case did not allege the name or names of the police officers upon whom the aggravated battery was committed. Our supreme court has held that where an indictment charges an offense either against persons or property the name of the person or property injured, if known, must be stated, and the allegation must be proved as alleged. (*People v. Walker* (1955), 7 Ill. 2d 158, 130 N.E.2d 182.) The purpose served by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense. This requirement is founded upon the protection of the right of the accused against double jeopardy, and is a substantial requirement designed to safeguard a constitutional right, and not a mere technical rule. *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361.

The State argues that the defendants have waived any error under the foregoing authority because the motion in arrest of judgment merely stated that the charging instrument failed to charge an offense, and was therefore vague, contained only conclusions, and preserved no error. The State contends, therefore, that this question is raised for the first time on appeal. This being the case, according to the State, the indictment should be determined sufficient if it apprises the accused of the precise offense charged so that the accused can prepare a defense and plead a resulting conviction as a bar to future prosecution. *People v. Walker* (1980), 83 Ill. 2d 306, 415 N.E.2d 1021.

In *People v. Lutz* (1977), 52 Ill. App. 3d 732, 367 N.E.2d 1353, this court held that a motion in arrest of judgment alleging that the indictment "does not charge an offense" was sufficient to preserve for review the issue of whether the indictment sufficiently set forth the nature and elements of the offense charged. The supreme court affirmed. *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

█ █ We conclude, based upon the supreme court's decision in *Lutz,* that the motion in arrest of judgment filed in this case was sufficient to preserve the question of whether the indictment charged an offense. We further conclude, based upon *Walker* and *Jones,* that the indictment did not charge an offense. The indictment here purported to charge an offense against a person, "a City of El Paso Police Officer," but the name of the person injured was not stated. The failure

to name the injured party made the indictment insufficient, and the trial court erred in denying defendants' motion in arrest of judgment.

■ The defendants' second contention is that the trial court should have granted their motion in arrest of judgment with respect to the disorderly conduct charges. We first must determine whether there is a final and appealable judgment with respect to the disorderly conduct charge. No sentence was imposed on this charge, and our supreme court holds generally that the final judgment in a criminal case is the sentence, and, in the absence of the imposition of a sentence, an appeal cannot be entertained. *People v. Caballero* (1984), 102 Ill. 2d 23, 51, 464 N.E.2d 223.

There is, however, an exception to the foregoing rule. Where a case is properly on appeal from a final judgment on another offense, a reviewing court is empowered under Supreme Court Rule 615(b)(2) (87 Ill. 2d R. 615(b)(2)) to review the conviction of an offense for which no sentence was imposed, and, upon affirming, to remand for resentencing. (*People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.) This exception obtains here, and we now move to the merits of the Luttrells' second argument.

Section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 26—1(a)(1)) provides:

"A person commits disorderly conduct when he knowingly:

(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace."

The information charging the defendants with disorderly conduct alleged that the defendants:

"knowingly entered the El Paso High School and behaved in such an unreasonable manner as to alarm and disturb Steve Schroeder and provoke a breach of the peace."

■ The defendants argue that the information failed to set forth the conduct which allegedly alarmed and disturbed Schroeder, and that when charging a crime which may be committed by a wide range of conduct, specific acts must be alleged.

In *People v. Fox* (1983), 117 Ill. App. 3d 1084, 1085, 454 N.E.2d 824, 825, an information alleged:

"[Two defendants] committed the offense of OBSTRUCTING A PEACE OFFICER, in that they then and there knowing Myron Deckard to be a peace officer did knowingly obstruct said officer *by attempting to conceal the whereabouts of Joe L. Pate* after being informed that said officer had a warrant for the arrest of Joe L. Pate and knowing the whereabouts of Joe L. Pate ***."

In *Fox,* the court held that "attempting to conceal the whereabouts" did not sufficiently describe the act or acts which formed the basis of the charge so as to afford the defendant full protection against double jeopardy as contemplated by the constitution.

In the same vein, other courts have held that an information charging reckless driving must allege facts from which the defendant can determine the act with which he is charged. (*People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278, *overruled on other grounds in People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158.) Also, unless a defendant is advised of the particular acts relied upon to allege a charge of reckless driving, he is not advised of the nature and elements of the offense. (*People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158.) So too, in *People v. Hayes* (1979), 75 Ill. App. 3d 822, 394 N.E.2d 80, the court found that a complaint charging reckless conduct in the language of the statute was not sufficient. The court held that the reckless conduct statute was so general that the charging instrument must provide more specific details of the alleged criminal conduct than those contained in the statute itself.

Here, the charge was stated in the bare language of the statute and did not specify the conduct which was performed in an unreasonable manner. A wide variety of conduct might be included. The charge here might not be a bar to a subsequent prosecution based upon the same event.

We therefore conclude that the information did not charge the offense of disorderly conduct because of the absence of allegations setting forth specific conduct performed by defendants. The trial court should have granted the motion in arrest of judgment, and the failure to do so is reversible error.

We need not, and do not, consider the remaining contentions of the defendants.

The judgment of the circuit court of Woodford County is reversed.

Reversed.

McCULLOUGH and TRAPP, JJ., concur.